UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-CR-740 (RA) |
| v. | MEMORANDUM OPINION & ORDER |
| DWAYNE THOMAS, | |
| Defendant. | |

RONNIE ABRAMS, United States District Judge:

Defendant Dwayne Thomas has filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release in light of the global pandemic. *See* Dkt. 75 ("Motion"). The Government opposes the motion. *See* Dkt. 79 ("Gov. Mem."). For the reasons that follow, Thomas's motion is denied.

## BACKGROUND

On May 6, 2016, Thomas pled guilty before this Court to one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, stemming from a 2007 armed robbery that resulted in the murder of Jermaine Pratt. At the time he was charged in connection with that offense, Thomas was already serving a separate 19-year sentence for offenses he committed as part of an armed robbery crew, which were prosecuted in a case before Judge Pauley. *See United States v. Thomas*, 12-CR-174 (WHP). In sentencing Thomas for the 2007 robbery conspiracy, this Court imposed a 240-month sentence, 180 months of which would run consecutively to the sentenced imposed by Judge Pauley and 60 months of which would run concurrently to that sentence. *See* Dkt. 69 at 29. As a result, Thomas was sentenced to a total of 408 months in prison in connection with his two cases in this district. Thomas is currently

incarcerated at the Allenwood Medium FCI. Per the Bureau of Prisons website, Thomas is scheduled to complete his term of incarceration on December 12, 2041, when he will either be removed from the United States or begin serving a three-year term of supervised release. *See id*. at 27; *see also* Motion at 4 (noting that Thomas is subject to a detainer from U.S. Immigration and Customs Enforcement).

Having exhausted his administrative remedies with the BOP, Thomas filed the instant motion on December 8, 2020, seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). His motion notes the hazardous realities of incarceration during the pandemic, and explains that he became one of the many federal inmates to contract COVID-19. *See* Motion at 2. He argues that his COVID-19 diagnosis, coupled with his asthma, increases his risk of serious illness. He further describes suffering from a range of health issues, including breathing difficulties, chest pain, dizzy spells, lightheadedness, and ideations of dying. He also argues that consideration of the 18 U.S.C. § 3553(a) sentencing factors does not outweigh these health problems, noting that he has already been incarcerated for more than ten years and will likely be deported upon his release. He seeks either an immediate termination or a reduction of his sentence. As of the date of this order, Thomas has not moved for compassionate release before Judge Pauley.

The Government opposes the motion. It argues that Thomas has not met his burden of establishing extraordinary and compelling reasons that justify a reduction in his sentence, in that his medical records do not indicate serious underlying medical problems and that his previous COVID-19 infection likely gives him at least some degree of protection against reinfection. *See* Gov. Mem. at 3–4. The Government also argues that the Section 3553(a) factors weigh against a reduction in sentence, primarily in light of Thomas's history of violent crime.

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may "reduce the term of imprisonment" where (1) "extraordinary and compelling reasons warrant such a reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). The Second Circuit recently held that nothing in "the now-outdated version of Guideline § 1B1.13[] limits the district court's discretion" to grant or deny a motion for a sentence reduction. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Rather, the First Step Act "freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id*. at 237. "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id*. at 238 (quoting 28 U.S.C. § 994(t)).

## DISCUSSION

Upon review of the parties' submissions and in consideration of the relevant statutory factors, the Court denies Thomas's motion.

The parties dispute whether Thomas has established that extraordinary and compelling reasons warrant a reduction of his term of imprisonment. His motion emphasizes that he is experiencing a range of health issues and points to his asthma in particular, arguing that it "increases his risk of serious illness and or death" in connection with COVID-19. Motion at 2. The government disagrees that extraordinary and compelling circumstances exist, emphasizing that Thomas has already recovered from a mild case of COVID-19 and does not face a heightened risk of severe complications. *See* Gov. Mem. at 3–4.

The Court need not decide this question, however, because, even assuming that extraordinary and compelling reasons warrant Thomas's release, the Court can grant Thomas's application only to the extent that doing so is consistent with the Section 3553(a) factors. *See United States v. Fiseku*, No. 15 CR. 384-1 (PAE), 2020 WL 7695708, at *5 (S.D.N.Y. Dec. 28, 2020). Here, the Court finds that the Section 3553(a) factors do not support a reduction of Thomas's sentence. Pursuant to Section 3553(a), the Court must impose a sentence that is sufficient, but not greater than necessary, to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public from further crimes of the defendant, and (4) provide the defendant with training, medical care, and other treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court also must consider other factors, including the nature and circumstances of the offense and the history and characteristics of the defendant. *See id.* § 3553(a)(1); *see United States v. Daugerdas*, No. 09-CR-581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020).

As the Court noted at sentencing, although Thomas did not shoot the gun that killed Jermaine Pratt, he "took a life" as a participant in the armed robbery that day. He then spent several years as part of a robbery crew that "terrorized and viciously tortured its victims." As a result of these violent crimes, the Court found that a "very serious sentence need[ed] to be imposed to reflect the seriousness of [the] offense, promote just punishment, afford adequate deterrence to criminal conduct, and protect the public from future crimes." *See* Dkt. 69 at 24–25. Thomas is of course correct that, when the Court sentenced him, it could not have factored in the difficulties of incarceration during a pandemic. But given the violent nature of Thomas's offenses, and the fact that he has significant time remaining on the sentence imposed in this case, terminating his sentence now would fail to reflect the seriousness of his offense and could

subject the public to risk. *See Fiseku*, 2020 WL 7695708, at *6 ("[W]hile time served during the pandemic is harder than during normal times, a sentence reduction of the scope Fiseku now seeks would result in a sentence that disserves the interests driving the Court's sentencing determination—most significantly the interests in public protection, specific deterrence, and assuring that the sentence imposed reflects the gravity of the offense.").

## CONCLUSION

For the foregoing reasons, Thomas's motion is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 75, and to mail a copy of this order to the defendant.

SO ORDERED.
 Dated:  February 10, 2021
   New York, New York

 Ronnie Abrams
 United States District Judge

5